Daniel J. VITALO, et al.

v.

CABOT CORP., et al.

No. CIV. A. 01-6759.

United States District Court, E.D. Pennsylvania.

Nov. 18, 2002.

Ruben Honik, Golomb & Honik, Philadelphia, PA, for Plaintiffs.

Neil S. Witkes, Manko, Gold & Katcher, Bala Cynwyd, PA, John C. Traficonte, Karen M. Connors, Boston, MA, for Cabot Corp.

Thomas C. De Lorenzo, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for NGK North America.

David A. Damico, Burns, White & Hickton, Pittsburgh, PA, for Deborah Wall.

*MEMORANDUM*

BARTLE, District Judge.

Before the court is a motion of defendant NGK Metals Corporation ("NGK Metals") to compel plaintiffs to provide in discovery certain air modeling information that plaintiffs' experts had before them at the time they rendered their expert reports.

This is a personal injury action which arises out of emissions from a beryllium plant near Reading, Pennsylvania. Plaintiff Daniel Vitalo was a nearby resident of the plant and worked there briefly as an employee from April through July of 1959. His claims against defendants Cabot Corporation ("Cabot") and NGK Metals, the former owners of the plant, rest on theories of strict liability, negligence, fraudulent concealment and civil conspiracy. In addition, his wife Diane Vitalo seeks damages for loss of consortium.

Plaintiffs are among a number of individuals represented by the same attorneys who have brought lawsuits against NGK Metals and Cabot alleging neighborhood exposure to beryllium. In four earlier cases before this court,[1] plaintiffs retained Dr. John Martyny and Dr. Lisa Maier as expert witnesses. Both have also been retained as experts in this case.

In deposition testimony in the four earlier cases, Dr. Martyny testified that he reviewed draft reports from a colleague, Jana Milford, an expert in air modeling. That report contained air modeling of the potential emissions from the beryllium plant at various surrounding locations. Dr. Martyny testified that Ms. Milford sent him the draft reports via electronic mail. He then reviewed the color charts on his computer screen.

Dr. Maier testified at her deposition in the four previous cases that she had "seen a brief report" prepared by Ms. Milford. According to Dr. Maier, the draft report "basically showed some of—using some—using meteorological data what some different levels of exposure may have been." She admitted that she used Ms. Milford's air modeling information to "document[ ] that again if there were exposures occurring surrounding the facility and roughly what—depending how—that they would change depending on weather."

On April 24, 2002, defendant NGK Metals served upon plaintiffs its first set of interrogatories and request for the production of documents. Interrogatory No. 3 asked plaintiffs to:

Identify any and all air modeling conducted in relation to the Reading plant or the community surrounding the Reading plant, including what type of modeling was performed, when this modeling was conducted, what the results or data received were, any reports, notes, memoranda, documents, and letters regarding the air modeling, who conducted this modeling, who requested it be performed, and what the air modeling was to measure, including, but not limited to, the results, data, charts, preliminary reports and all other documents relating in any way to the air modeling conducted by Jana Milford, as testified to by Dr. Martyny and Dr. Maier in their depositions in the *Russo* group of cases.

In their response, plaintiffs objected because "[t]his Interrogatory requests irrelevant information and/or information subject to the attorney work product doctrine."

NGK Metals' Request for Production of Documents No. 22 asked for:

Any and all data, reports, notes, charts, graphs, preliminary reports, memoranda, letters, and documents relating in any way to any air modeling conducted in relation to the Reading plant, or the community surrounding the Reading plant, including, but not limited to, the results, reports, data, notes, charts, graphs, preliminary reports and all other documents relating in any way to the air modeling conducted by Jana Milford as testified to by Dr. Martyny and Dr. Maier in their depositions in the *Russo* group of cases.

Plaintiffs also objected to this request on the ground that it "seeks irrelevant information

---

1. *Russo, et al. v. Cabot Corp., et al.,* No. 01–2613 (E.D.Pa.); *Debiec v. Cabot Corp., et al.,* No. 01–2614 (E.D.Pa.); *Branco v. Cabot Corp., et al.,* No. 01–2775 (E.D.Pa.); *Reeser v. Cabot Corp., et al.,* No. 01–2776 (E.D.Pa.).

or information protected by the attorney work product doctrine."

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery that is not privileged and "is relevant to the claim or defense of any party." It further provides that the information sought "need not be admissible at the trial if ... [it] appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Rule 26(a)(2)(B) requires that an expert's report include "the data or other information *considered* by the witness in forming the opinions" (emphasis added). This language was added when the Federal Rules of Civil Procedure were amended in 1993. Prior to the 1993 amendments, Rule 26 required the disclosure of "facts known and opinions known" to the expert. An advisory committee note to the 1993 amendment of Rule 26(a)(2)(B) explains:

> The report is to disclose the data and other information *considered* by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed.R.Civ.P. 26 advisory committee's note (emphasis added).

■ The definition of "consider," includes the following: "to reflect on: think about with a degree of care or caution; to think of, regard, or treat in an attentive, solicitous, or kindly way." Webster's Third New International Dictionary 483. In his deposition, Dr. Martyny concedes that he reviewed the air modeling charts provided to him by Ms. Milford. Dr. Maier admitted that she used Ms. Milford's air modeling to document that beryllium exposure surrounding the facility is affected by weather. We recognize that the word "consider" is not without its ambiguities. Keeping in mind the broad scope of allowable discovery, both Drs. Martyny and Maier clearly "considered" the air modeling information provided by Ms. Milford to Dr.

Martyny via electronic mail and then forwarded to Dr. Maier.

In their opposition to NGK Metals' motion to compel, plaintiffs admit that the 1993 amendment to Rule 26(a)(2)(B) broadened the scope of that rule. However, they maintain the expansion of the rule "is circumscribed by the requirement that the information be both *considered* by the expert and that the information be *received from the party he was hired by.*" In support of this contention plaintiffs cite two cases which address whether information provided by an attorney to an expert is discoverable under Rule 26(a)(2)(B) or is barred from disclosure as attorney work product. *See In re Pioneer Hi–Bred Int'l, Inc.,* 238 F.3d 1370, 1375 (Fed. Cir.2001); *Herman v. Marine Midland Bank,* 207 F.R.D. 26, 28–29 (W.D.N.Y.2002). Both courts determined that the 1993 amendment to Rule 26(a)(2)(B) regarding expert disclosure "trumps the substantial protection otherwise accorded opinion work product under Rule 26(b)(3)." *Herman,* 207 F.R.D. at 29; *see also In re Pioneer,* 238 F.3d at 1375. Neither case in any way limited the scope of the 1993 amendment to Rule 26(a)(2)(B) or authorized disclosure only when the information supplied to the expert comes from an attorney for the party retaining that expert. Moreover, there is nothing in the advisory committee note to the 1993 amendment that states or implies such a restriction.

■ Contrary to the contention of plaintiffs, we view the objections to disclosure in this action as less compelling than those rejected by the *In re Pioneer* and *Herman* courts. Because the information here was furnished by air modeler Jana Milford and not by or at the request of plaintiffs' attorney, there is no concern that granting the motion to compel will in any way disclose attorney work product. The only requirement of Rule 26(a)(2)(B) is that the expert "consider[ ]" the information. The source of the information is irrelevant. It is also irrelevant whether or not the expert ultimately relies on the information in forming his or her opinion.

The standard for discovery has clearly been satisfied here. We will grant the mo-

tion of defendant NGK Metals to compel with respect to any air modeling information supplied directly or indirectly by Ms. Milford to Dr. Martyny and Dr. Maier. To the extent that discovery beyond this is sought in Interrogatory No. 3 and Request for Production of Documents No. 22, the motion is DENIED.

Plaintiffs' motion for costs under 28 U.S.C. § 1927 is without merit and is DENIED.

### ORDER

AND NOW, this 18th day of November, 2002, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant NGK Metals Corporation to compel is GRANTED in part and DENIED in part;

(2) plaintiffs Daniel and Diane Vitalo shall fully and completely answer, within seven business days of the date of this Order, Interrogatory No. 3 of defendant NGK Metals Corporation to the extent it seeks any air modeling information supplied directly or indirectly by Ms. Jana Milford to Dr. John Martyny and Dr. Lisa Maier;

(3) plaintiffs Daniel and Diane Vitalo shall fully and completely produce, within seven business days of the date of this Order, the materials sought in Request for Production of Documents and Things No. 22 of defendant NGK Metals Corporation to the extent it seeks any air modeling information supplied directly or indirectly by Ms. Jana Milford to Dr. John Martyny and Dr. Lisa Maier; and

(4) the motion of plaintiffs Daniel and Diane Vitalo for costs under 28 U.S.C. § 1927 is DENIED.